ROBERTSON, Justice.
Tower Loan Brokers of Mississippi, Inc., appeals from the judgment of the Circuit Court of Jackson County, Mississippi, awarding $7,000 damages ($2500 actual damages and $4500 punitive damages) to J. W. Davis.
Davis stated in his declaration that the appellant had obtained a writ of garnishment from a justice of the peace of Jackson County, and that said writ was served on his employer, Litton Ship Systems, Inc. Davis further alleged:
“That said Writ of Garnishment was improperly issued in that no valid judgment had been obtained; and further that the Plaintiff herein was not indebted to Allied Finance Company, Russell- *771 Baker of Pascagoula, Inc., or Tower Loan Brokers of Mississippi, Inc.

“That the Plaintiff herein as a result of the actions and inactions of the Defendant has sustained damages in the amount of $99.00 being the amount wrongfully withheld, as well as damages arising from the fact that the Plaintiff’s credit had been damaged thereby, as well as damages sustained by the garnishment of his wages.”
Plaintiff ended his declaration by asking for actual damages of $2500 and punitive damages of $7500.
At the trial, the plaintiff introduced a civil affidavit as follows:
“Personally appeared before me, the undersigned authority one-who being sworn deposes and says that the foregoing and attached account for the sum of $84.00 & Cost against John Wesley Davis is just true and correct as stated and that the same is due and owing from the party against whom the same is charged and no part of the same has been paid.
Russell-Baker Finance Co. for
Allied
By: James Woitt
Sworn to and subscribed before me this the 11th day of Sept. 1973.
JOE PAVELCHAK
Justice of the Peace”
Plaintiff also introduced as an exhibit a writ of attachment issued against him as a non-resident by Joe Pavelchak, J. P. The writ recited:
“Whereas, Russell Baker Finance has complained on oath to the undersigned Justice of the Peace in and for said county and State aforesaid, that John Wesley Davis 22-24580 is justly indebted to the said Russell Baker Finance to the amount of $99.00 Dollars, and
“1. That the defendant is a foreign corporation or non-resident of the State;

“And It Being Suggested That Ingalls knows of persons so indebted to said defendant, or who have effects or property of the said defendant in their hands, you are hereby further commanded to summon said Ingalls and the said John Wesley Davis to appear before the said Justice of Peace at the time and place aforesaid to answer, under oath, in writing, whether they are indebted as aforesaid and to what amount, . . . .”
The return on the writ recited:
“I have this day executed the within writ by personally handing to Ingalls a true copy of the within writ.
WILSON
Constable
District 2
Jackson County,
Miss.”
Davis testified that no summons was ever served on him.
Ingalls Shipbuilding Division, Litton Systems, Inc., filed an Answer to the “Writ of Garnishment served on it,” admitting an indebtedness of $99.00 to Davis. Ingalls deducted from two weekly pay checks a total of $99 and remitted $96 of this amount to the justice of the peace, retaining $3.00 for its expense in preparing and filing the answer.
After the first deduction was made from his pay check for the week ending September 16, 1973, Davis went to appellant’s office and complained to manager Jimmy Woitt of the deduction. Davis testified that he told Woitt that he lived in Jackson County. On cross-examination Davis admitted that his address at Ingalls, on his driver’s license, for all charge accounts and *772 for everything was Route 1, Box 105, Wilma, Alabama, but that he actually lived in Mississippi about 50 feet from the Alabama-Mississippi line. Davis stated that Woitt told him to see Justice of the Peace Joe Pavelchak and explain it to him. Davis testified that he tried to see Pavelchak, but had not been able to do so, and that he, Davis, -filed suit in December, 1973.
We are of the opinion that the appellant was entitled to a peremptory instruction at the close of the case, so we will discuss only that assignment of error.
Mississippi Code Annotated section 11-33-9 (1972) provides in part:
“The creditor, his agent or attorney, shall make oath before . . . any justice of the peace, ... of the amount of his debt or demand, to the best of his knowledge and belief, and shall also make oath, to the best of his knowledge and belief, to one or more of the following grounds for attachment:
“(1) That the defendant is a foreign corporation, or a nonresident of this state;”
The only affidavit signed by appellant was as to the correctness of the open account and that it had not been paid.
Mississippi Code Annotated section 11-33-11 (1972) provides in part:
“The creditor, his agent, or attorney, shall also give bond, with a sufficient surety or sureties, to be approved by the officer issuing the attachment, in double the sum for which the complaint is made payable to the defendant and conditioned to the effect following, to wit
This was not done, yet the Justice of the Peace on his own issued a writ of attachment. Davis himself brought out at the trial that Woitt, the manager of the Pasca-goula office of the appellant, was a layman and depended on the justice of the peace to issue the proper process.
Mississippi Code Annotated section 11-33-85 (1972) provides:
“On the trial of the issue of the truth of the alleged attachment grounds, the defendant may introduce evidence as to the actual damages, if any, which the issuance of the attachment has occasioned him; but the defendant, when he files his answer setting up the defense traversing the truth of the alleged attachment grounds, shall file therewith written notice of what damages he will insist ufon at the trial. If the issue be decided for 'the defendant, he shall have judgment that the attachment be discharged and against plaintiff and the sureties in his attachment bond, for the damages assessed by the jury and the costs of suit; and the jury may add to the actual damages found a reasonable sum as an attorney’s fee for defending the issue; but the judgment against the sureties in the attachment bond shall not exceed the penalty thereof.” (Emphasis added).
Section 11-33-85 clearly provides that the testing of the grounds of attachment shall be in the court initiating the suit and that actual damages shall be proved in that court also. Davis did not follow the procedure required by Mississippi law. Also the evidence introduced at the trial in the circuit court does not make out a case against the appellant.
The appellant was entitled to a peremptory instruction at the close of the case.
The judgment of the circuit court is, therefore, reversed, and judgment rendered here for the appellant.
Reversed and rendered.
RODGERS, P. J., and PATTERSON, INZER, SUGG, WALKER and BROOM, JJ., concur.